UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES NAVARRO, individually and on behalf of all others similarly situated § § § <br>         Plaintiff, § § <br> v. § § <br> WOOD GROUP USA, INC. § § § <br>         Defendant. § | Docket No. 4:16-cv-2853 <br><br> 29 U.S.C. § 216(b) |

**JOINT MOTION TO APPROVE SETTLEMENT (FILED UNDER SEAL)**

James Navarro and Wood Group USA, Inc. (Wood Group) are pleased to announce they have reached a settlement with respect to this Fair Labor Standards Act (FLSA) case. This settlement represents the culmination of over a year's worth of investigation, litigation, and negotiation. If approved, the settlement will provide meaningful relief to Plaintiff.

The Parties' proposed settlement is detailed in the attached Settlement Agreement for review and approval *in camera.* The Parties jointly request the Court approve the Settlement Agreement as reasonable compromises in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (describing the standard for judicial approval of FLSA settlements where the parties are represented by counsel) (*citing Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)). As set forth in this motion and the Settlement Agreement, the settlement is a reasonable compromise of the claims in this lawsuit. *See Evans v. Jeff D*., 475 U.S. 717, 726-27 (1986) (explaining that in deciding whether the proposed settlement reflects a "reasonable compromise," the Court may either accept or reject it but cannot require the parties to accept any revisions or modifications to the agreement.).

**1.    Background.**

This FLSA collective action was filed on September 22, 2017. *See* Doc. 1. Plaintiff alleged Wood Group failed to pay its HSE Specialists overtime as required by the FLSA. Specifically, Plaintiff argued that during the period covered by this case, Wood Group either paid these workers "straight time for overtime" or paid them a day-rate with no overtime compensation.

Plaintiff filed a motion for conditional certification and to facilitate notice pursuant to 29 U.S.C. 216(b). *See* Doc. 21. Wood Group resisted the motion for conditional certification and notice to the potential collective. *See* Doc. 23. The Court ultimately granted conditional certification over Wood Group's objection. *See* Min. Entry Dated June 1, 2018. By the completion of the notice process, only one individual in addition to Plaintiff elected to participate in this matter.[1]

Wood Group produced records showing the amounts paid to Plaintiff. For the time Wood Group paid Plaintiff a day-rate, Wood Group did not have accurate records of the hours worked by Plaintiff, and the Parties contested each other's estimate of the hours Plaintiff worked while he was paid a day-rate. Indeed, had Plaintiff proceeded to trial, the number of hours he worked while paid a day-rate would have been a point of contention. And, of course, Wood Group's primary defenses under either payment scenario would have been that Plaintiff was owed nothing as he was excluded from the FLSA altogether as an exempt employee under the FLSA's "white collar" exemptions. 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541; *see also* Doc. 20 at *21, ¶¶ 7-8.

---

[1] On September 10, 2018, Tony Richard filed a consent with the Court to join this Lawsuit. *See* Doc. 33. Mr. Richard previously filed a consent to join a lawsuit captioned *Tommy L. Fenley, individually and on behalf of all others similarly situated v. Wood Group Mustang, Inc.*, Case No. 2:15-cv-00326, pending in the United States District Court for the Southern District of Ohio, Eastern Division (the "*Fenley* Lawsuit") and the *Fenley* Lawsuit involves the same claims and defendant as the Lawsuit. The parties to the *Fenley* Lawsuit have agreed to a settlement of the *Fenley* Lawsuit and Tony Richard will have the opportunity to participate in the settlement of the *Fenley* Lawsuit, and, therefore, Tony Richard is not part of this Agreement.

However, the Parties were ultimately able to reach a compromise with respect to the alleged FLSA claims after months of informal and formal settlement discussions following the conclusion of mediation with experienced wage-and-hour mediator Eric Galton. This settlement considers the Parties' disputes regarding both liability and the inherent uncertainty regarding damages.

**2.     The Settlement.**

As set forth in detail in the attached Agreement (<u>Exhibit A</u>, filed under seal), the Parties reached a settlement on behalf of Plaintiff. The Settlement provides Plaintiff with a substantial amount of his estimated unpaid overtime with Wood Group. The default statute of limitations for FLSA violations is two years. *See* 29 U.S.C. § 255(a). Most of the total damages alleged to be owed to Plaintiff (as calculated by both Parties) occurred in the third-year for which Plaintiff bears the burden of showing a willful violation of the FLSA. Even net of attorney's fees and costs, Plaintiff will receive a settlement award from a Net Settlement Amount totaling more than his total two-year back wages owed under the FLSA's ordinary statute of limitations.

**3.     The Settlement Represents a Reasonable Compromise of this Litigation.**

In determining whether the settlement is fair and reasonable, the Court should note that "there is a 'strong presumption in favor of finding a settlement fair.'" *Domingue v. Sun Elec. & Instrumentation, Inc.,* 2010 WL 1688793, at *1 (M.D. La.2010) (citing *Camp v. Progressive Corp.,* 2004 WL 2149079, at *5 (E.D.La.2004)). As well, "that th[e] settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id.* The Court can approve a settlement where there is a "bona fide dispute" amongst the parties. *See, e.g., Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 163 (5th Cir. 2015). "The requirement of an adversarial posture between parties to a settlement agreement operates as a guarantee that employers cannot profit by coercing employees into waiving their rights, and then dressing that invalid waiver of the FLSA's protections as a valid settlement of a legal claim." *Sims v. Hous. Auth. of City of El Paso*, No. EP-10-CV-109-KC, 2011 WL 3862194, at *6 (W.D. Tex. Sept. 1,

2011). "An actual dispute over the amount of overtime compensation due to an employee [can be] sufficient to create a bona fide dispute for purposes of this factor." *Shaw v. CAS, Inc.*, No. 5:17-CV-142, 2018 WL 3621050, at *1 (S.D. Tex. Jan. 31, 2018). In addition, a dispute as to whether employees were "misclassified as exempt" from the FLSA's protections can create a bona fide dispute. *Id.* at *2.

Here, Wood Group did not keep records of the hours worked by Plaintiff while it paid him a day-rate. To be fair, Wood Group contends Plaintiff is not covered by this aspect of the FLSA's record keeping requirements. *See* 29 C.F.R. § 516.3 (employers are not required to record the hours worked by exempt "white collar" employees). But this admitted fact leaves the Parties to dispute exactly how many hours Plaintiff worked during the period he was paid a day-rate. *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 249 (5th Cir. 2012) (bona fide dispute existed where parties agreed there were no records that would demonstrate how much time plaintiffs had worked). The absence of records creates significant risks for both sides. *See Krohn v. David Powers Homes, Inc.*, No. CIV A H-07-3885, 2009 WL 1883989, at *2 (S.D. Tex. June 30, 2009) (employer failed to keep accurate records, but employee still failed to prove overtime was actually worked); *Hilton v. Exec. Self Storage Assocs., Inc.*, No. CIV.A. H-06-2744, 2009 WL 1750121, at *4 (S.D. Tex. June 18, 2009) (affirming jury award far in excess of employer's estimate where employer failed to keep track of the hours worked).

Wood Group vigorously contends that documentary evidence, the nature of the relationship, and the duties of the position at issue establish beyond question that Plaintiff was an exempt employee under more than one exemption under the FLSA, thereby precluding any liability for unpaid overtime wages. Even if Plaintiff established he was entitled to overtime, and Wood Group failed to show Plaintiff was exempt, Plaintiff would still have to show Wood Group's violation of the FLSA was willful. This requirement creates a "significant distinction between ordinary violations and willful violations[.]" *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132 (1988). Mere negligence, even unreasonable conduct, will not suffice to show willfulness. *See Mohammadi v. Nwabuisi*, 605 F. App'x

329, 332 (5th Cir. 2015) ("failure to consult an attorney, without prior notice of alleged FLSA violations, does not constitute willfulness"); *see also, Zannikos v. Oil Inspections (U.S.A.), Inc.*, 605 F. App'x 349, 360 (5th Cir. 2015) (claims that the employer "knew of the FLSA's potential applicability, … failed adequately to research the statute's applicability; and failed to consult with attorneys or the DOL on the matter … do not suffice to demonstrate willfulness."). And the impact of a failure to show willfulness could have been devastating to Plaintiff's FLSA claims, as most of Plaintiff's total damages were in the third year.

In short, the Parties and their counsel (all of whom are represented by experienced wage-and-hour attorneys with years of experience in litigating and resolving disputes such as this) find the Settlement Agreement to be a reasonable compromise of the claims alleged by Plaintiff considering the procedural posture of the case, the litigations risks, and the costs applicable to both sides. The Parties have engaged in arm's-length settlement negotiations involving months of informal settlement discussions and a full day mediation. Because the Settlement Agreement is a reasonable compromise and adequately compensates the participants for all the unpaid overtime hours alleged, the Parties seek entry of the enclosed Agreed Order of Approval.

**4.     Conclusion.**

For these reasons, the Parties respectfully request the Court approve the attached Settlement Agreement as a "reasonable compromise" of this dispute.

Respectfully Submitted,

By:*/s/Lindsay R. Itkin*
**Michael A. Josephson**
Fed. Id. 27157
State Bar No. 24014780
**Lindsay R. Itkin**
Fed Id. 1458866
State Bar No. 24068647
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
litkin@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Fed. Id. 21615
State Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF**


By:*/s/Kelly Reese*
**Samuel Zurik III**
Texas State Bar No. 24044397
**S. Mark Klyza** (*Pro Hac Vice*)
**Bryan Edward Bowdler** (*Pro Hac Vice*)
THE KULLMAN FIRM, P.L.C.
1100 Poydras Street, Suite 1600
New Orleans, Louisiana 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189

-and-

                                       **Kelly Reese** (*Pro Hac Vice*)
                                       THE KULLMAN FIRM, P.L.C.
                                       63 South Royal Street
                                       Mobile, AL  36633
                                       Telephone:  (251) 432-1811
                                       Facsimile:  (251) 433-1230

                                       **ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

On April 12, 2019, I served a copy of this document on all registered parties and/or their counsel of record, via the Court's CM/ECF system.

                                       */s/Lindsay R. Itkin*
                                       Lindsay R. Itkin